```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NISSAN MOTOR ACCEPTANCE CORPORATION,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            16-CV-7028(JS)(ARL)

FIVE TOWNS NISSAN, LLC, SHMUEL WOLF,
NEIL BARBAGALLO, and ALEX KORCHMAR,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Louis A. Russo, Esq.
                    Richard A. Braden, Esq.
                    Goldberg Segalla LLP
                    711 Third Avenue
                    Suite 1900
                    New York, NY 10017-4013

For Defendants:
Five Towns
Nissan, LLC:        No appearance

Shmuel Wolf         Philip J. Campisi, Jr., Esq.
                    Westerman Ball Ederer Miller & Sharfstein LLP
                    170 Old Country Road, Suite 400
                    Mineola, NY 11501

Neil Barbagallo     James Sawyer, Esq.
                    Sawyer, Halpern & Demetri
                    390 North Broadway, Suite 200
                    Jericho, NY 11753

Alex Korchmar       Vivian Sobers, Esq.
                    Sobers Law, PLLC
                    11 Broadway, 6th Floor, Suite 615
                    New York, NY 10004
```

SEYBERT, District Judge:

        Pending before the Court are: (1) Defendants Shmuel Wolf's ("Wolf") and Neil Barbagallo's ("Barbagallo") motions to

dismiss the third claim in Plaintiff Nissan Motor Acceptance Corporation's ("Plaintiff") Complaint (Wolf Mot., Docket Entry 15; Barbagallo Mot., Docket Entry 16); (2) Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R") recommending that the Court grant the motion with leave to amend (R&R, Docket Entry 28, at 1); and (3) Plaintiff's conditional objection to the R&R (Objection, Docket Entry 29.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

On December 21, 2016, Plaintiff commenced this action against Five Towns Nissan, LLC ("Five Towns"), Wolf, Barbagallo, and Alex Korchmar ("Korchmar," and collectively, "Defendants") asserting three causes of action: (1) breach of continuing guarantee agreements by Wolf and Barbagallo; (2) a claim for attorneys' fees and costs pursuant to the terms of financing agreements against Wolf and Barbagallo; and (3) an equitable claim for money had and received against all Defendants, based on an accidental overpayment to Five Towns by Plaintiff. (See generally Compl., Docket Entry 1.)

On July 17, 2017, Wolf filed a motion to dismiss the third cause of action alleged in the Complaint, and Barbagallo filed a motion seeking the same relief on July 18, 2017 (See Wolf Mot.; Barbagallo Mot.) On October 13, 2017, the undersigned referred the motions to Judge Lindsay for a Report and

Recommendation on whether they should be granted, and Judge Lindsay issued her R&R on January 10, 2018. (Referral Order, Docket Entry 25; R&R.) On January 24, 2018, Plaintiff filed a conditional objection to the R&R. (Objection.) On February 2, 2014, Barbagallo filed a letter asking the Court to adopt Judge Lindsay's R&R in its entirety. (Barbagallo Ltr., Docket Entry 30.) Wolf, Korchmar, and Five Towns have not filed responses to Plaintiff's conditional objection.

## THE R&R

In her R&R, Judge Lindsay recommended that this Court grant Wolf's and Barbagallo's motions to dismiss, but grant Plaintiff leave to amend its Complaint. (R&R at 9.) Judge Lindsay explained that a claim for money had and received is an equitable, "quasi-contractual cause of action that will not lie when a contract governs the relationship between a plaintiff and a defendant." (R&R at 7.) She continued that "the question before the Court is whether a contract exists that governs Wolf's and Barbagallo's responsibility for that potential financial obligation as guarantors, and the answer is yes." (R&R at 8.) Namely, Wolf's and Barbagallo's liability to Plaintiff for the alleged overpayment to Five Towns would rest on their contractual liability for "payment of all present and future liabilities of" Five Towns to Plaintiff, rather than on a direct quasi-contractual claim against Wolf or Barbagallo. (R&R at 5-6, 8-9.) Thus, Judge

3

Lindsay recommended that the Court dismiss the third cause of action against Wolf and Barbagallo and grant Plaintiff leave to amend the Complaint to "add an additional contract claim should such a claim still be viable." (R&R at 9.) Judge Lindsay did not, however, make any determination with respect to whether a money had and received claim may be brought against Five Towns.

PLAINTIFF'S CONDITIONAL OBJECTION

Plaintiff conditionally objected to the R&R "[t]o the extent the Magistrate Judge is recommending that [Plaintiff] may not proceed with a monies had and received claim against the non-moving [Five Towns]." (Objection at 1.) Plaintiff elaborated: "To the extent that [Judge Lindsay] is recommending" that Plaintiff should not be permitted to proceed with its monies had and received claim against Wolf and Barbagallo, as opposed to "recommending that such a claim is impermissible against any defendant, including" Five Towns, "then [Plaintiff] does not object to the R&R (so long as it may amend its complaint to add a fourth claim against Defendants Wolf and Barbagallo, and non-moving defendant/guarantor, Alex Korchmar asserting a claim against them if judgment is recovered against [Five Towns] on Claim III for monies had and received)." (Objection at 2-3.)

As discussed above, Judge Lindsay did not rule on the viability of a money had and received claim against Five Towns, but only against Wolf and Barbagallo. Additionally, Judge Lindsay

4

recommended that the undersigned grant Plaintiff leave to amend its Complaint to assert a contractual claim. (R&R at 9.) Therefore, Plaintiff's conditional objection is moot and the Court proceeds as if no objection were filed.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and as discussed above, Plaintiff's conditional objection is moot.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R (Docket Entry 28) is ADOPTED in its entirety. Wolf's and Barbagallo's motions to dismiss Plaintiff's third cause of action (Docket Entries 15 & 16) are GRANTED. Additionally, because similar reasoning supports dismissal of Plaintiff's money had and received

5

claims against Korchmar, the Court dismisses Plaintiff's third cause of action against him. Accordingly, Plaintiff's money had and received claim is DISMISSED as against Wolf, Barbagallo, and Korchmar. Plaintiff is granted leave to amend its Complaint to assert a contractual claim against them based on a potential judgment against Five Towns on the money had and received claim. Plaintiff shall file its Amended Complaint within thirty (30) days of the date of this Memorandum and Order

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February __14__, 2018
         Central Islip, New York