```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
NISSAN MOTOR ACCEPTANCE CORPORATION,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           16-CV-7028(JS)(ARL)

FIVE TOWNS NISSAN, LLC,
SHMUEL WOLF, NEIL BARBAGALLO,
and ALEX KORCHMAR,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Richard A. Braden, Esq.
                    Goldberg Segalla LLP
                    711 Third Avenue, Suite 1900
                    New York, New York 10017

                    Louis Arnold Russo, Esq.
                    Russo Law LLC
                    276 Fifth Avenue, Suite 704
                    New York, New York 10001

For Defendant
Shmuel Wolf:        Annie P. Kubic, Esq.
                    Philip Joseph Campisi, Jr., Esq.
                    Westerman Bail Ederer Miller Zucker &
                    Sharfstein, LLP
                    1201 RXR Plaza
                    Uniondale, New York 10601
```

SEYBERT, District Judge:

Currently before the Court is Plaintiff Nissan Motor Acceptance Corporation's ("Plaintiff") motion for reconsideration of the Memorandum & Order, dated May 29, 2020, denying Plaintiff's motion for summary judgment. ("Order," ECF No. 83; Mot., ECF No. 84; Pl. Br., ECF No. 84-1; Def. Opp., ECF No. 87; Pl. Reply, ECF No. 88.) For the reasons that follow, the motion is DENIED.

BACKGROUND

The Court presumes familiarity with the facts and procedural history of his case and recites only those necessary to adjudicate the pending motion. (See Order at 2-16); see also Nissan Motor Acceptance Corp. v. Five Towns Nissan, LLC, No. 16-CV-7028, 2018 WL 895533, at *1-*2 (E.D.N.Y. Feb. 14, 2018).

I.  Facts

In brief, Plaintiff initiated this action against defendant Shmuel Wolf ("Defendant")[1] asserting claims for (1) breach of continuing guaranties (Count I) and (2) attorneys' fees, costs, and expenses (Count II), among others. Specifically, Plaintiff entered into two separate Automotive Wholesale Financing and Security Agreements with Five Towns Nissan, LLC (the "Nissan Dealership") and Five Towns Automotive, LLC (the "Chrysler Dealership," and together with the Nissan Dealership, the "Dealerships"). In connection with these agreements, Defendant purportedly executed certain guaranty agreements in favor of Plaintiff for all "obligations and liabilities" incurred by the Dealerships (the "Guaranty Agreements"). The parties subsequently entered into additional agreements. Defendant admits that he entered into the Nissan Guaranty Agreement but denies entering into any other agreement.

---

[1] As discussed in prior orders, Shmuel Wolf is the sole remaining defendant.

The Dealerships defaulted on their payment obligations and Plaintiff initiated a "Replevin Action" against Defendant, among others. See Replevin Action, No. 14-CV-5144 (E.D.N.Y. 2014) (Wexler, J.). During the pendency of the Replevin Action, co-defendant Alex Korchmar ("Korchmar"), in his individual capacity, and the Dealerships, by Defendant, executed a Promissory Note under which they promised to pay Plaintiff $2,830,797.00 in monthly installments. (Promissory Note, ECF No. 76-13.) The Promissory Note was secured by an Affidavit of Confession of Judgment, signed by Korchmar, in his individual capacity, and the Dealerships, by Defendant. (Confession of J., ECF No. 76-14, ¶ 5.) Defendant admits that he signed the Promissory Note and the Affidavit of Confession of Judgment on behalf of the Dealerships as their "Operations Manager/Member," but maintains that he did not "agree to confess to any judgment and/or Note or other payment obligations to [Plaintiff], individually." (Def. 56.1 Stmt., ECF No. 81, ¶ 24; Wolf Decl., ECF No. 79, ¶ 39.)

The Affidavit of Confession of Judgment provides that the Dealerships and Korchmar "jointly and severally confess[ed] judgment and authoriz[ed] the entry thereof against [the Dealerships and Korchmar] in the same of $2,830,797.00 or for such lesser amount as may be due pursuant to the terms of certain Promissory Note they executed in favor of plaintiff in January 2015." (Id. ¶ 5.) Korchmar and the Dealerships defaulted on their

3

obligations under the Promissory Note and on July 21, 2015, Plaintiff entered the Affidavit of Confession of Judgment to recover $1,848,128.54 (the "Judgment"). (Judgment, ECF No. 76-15.)

Defendant submitted a December 12, 2014 email chain outlining "Final [ ] Conditions for Closing," wherein Plaintiff listed certain conditions required "to release its security interest to the extent of any collateral sold" by the Dealerships (the "December 12 Email"). (Dec. 12, 2014 Email, ECF No. 79-9, at 1.) In the email, Plaintiff required, among other things, the execution of the Promissory Note and Confession of Judgment, with "all payments to be credited in the following order: (1) first, to the [Nissan Dealership] floor plan deficiency, (2) second, to the Overpayment amount, (3) third, to the [Chrysler Dealership] floor plan deficiency, and (4) finally, to the unpaid Capital Loan (Loan # 3476-20001) amount as listed in [Plaintiff's] closing statement." (Dec. 12, 2014 Email at 1, ¶ 4.) Per the email, the parties purportedly agreed that the Promissory Note and the Confession of Judgment would "not reference [Defendant] in his individual capacity." (Id. at 1, ¶ 4.) The email also states that Plaintiff required "written acknowledgment by Guarantors that, by releasing its security interest, [Plaintiff] is not waiving or discharging any rights I may have to enforce the Guaranty Agreements with respect to any post-closing deficiencies

4

or breaches." (Id. at 1, ¶ 5.) Neither party submitted additional details surrounding the "Conditions for Closing" and whether the terms were accepted, denied, or modified.

II. The Court's Summary Judgment Order

On September 30, 2019, Plaintiff moved this Court for summary judgment arguing that Defendant is personally liable for the Judgment under the various Guaranty Agreements. (Pl. Summ. J. Br., ECF No. 76-1, at 8, 13-14.) On May 29, 2020, the Court denied the motion finding "an issue of material fact exists as to whether the parties intended for Defendant to maintain responsibility for the Nissan Dealership's obligations through the negotiation of the Promissory Note secured by the Affidavit and Confession of Judgment." (Order at 19.) The Court recognized that the "the Nissan Guaranty contains an 'advance consent to modifications' clause, which is valid and enforceable under New York Law," however, various case-specific considerations counseled against summary judgment because "an issue exists as to whether the parties entered into 'a new enforceable obligation that superseded the Plaintiff's rights under the past' agreements and discharged Defendant's obligations under any guaranty." (Id. at 23-24.) "Important in this analysis" was the December 12 Email that Plaintiff argued was "unauthenticated" and inadmissible under Federal Rule of Civil Procedure 37(c)(1) (Id. at 20-21 & n.9; Pl. Summ. J. Reply, ECF No. 82, at 2-4.) Nonetheless, the Court

5

considered the December 12 Email because "Defendant may be able to authenticate it at trial and because Defendant disclosed it on February 28, 2019 as an exhibit in its Rule 56.1 Statement."  (Id. at 21 n.9 (citations omitted).)

ANALYSIS

I. Legal Standards

"A motion for reconsideration should be granted only when the [movant] identifies an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  Indeed, "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court[.]"  Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship, 409 F. App'x 401, 403 (2d Cir. 2010) (summary order) (internal quotation

marks and citations omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, 684 F.3d at 52 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

II. Discussion

Plaintiff's motion for reconsideration fails because it advances "arguments of the kind strictly outside the realm of reconsideration; namely, rehashing arguments previously made and 'relitigat[ing] . . . issue[s] already decided.'" Heredia v. Americare, Inc., No. 17-CV-6219, 2020 WL 4748295, at *1 (S.D.N.Y. Aug. 17, 2020) (quoting Shrader, 70 F.3d at 257) (alterations in original).

First, Plaintiff argues that the Court overlooked "controlling decisions which reflect that, under New York law, a guarantor to a loan agreement may consent to modifications to the initial underlying loan terms (and commit to the guaranty of future obligations of the principal, among other things) in advance, and that such written consent is valid and enforceable." (Pl. Br. at 5; id. at 3-5; Pl. Reply at 4.) The Court did not overlook any controlling law and explicitly recognized that "[t]o obtain summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the

7

underlying debt, and the guarantor's failure to perform under the guaranty." (Order at 18 (internal quotation marks and citation omitted)); see also Davimos v. Halle, 826 N.Y.S.2d 61, 62 (N.Y. App. Div. 1st Dep't 2006) (citation omitted). The Court also acknowledged that the Nissan Guaranty was undoubtedly "continuous" and contained "an 'advance consent to modifications' clause which is valid and enforceable under New York Law." (Order at 18, 23.)

But the Court's summary judgment determination did not solely turn on whether the Guaranty Agreements were continuous and absolute because a threshold issue of fact existed as to whether the parties "entered into 'a new enforceable obligation that superseded the Plaintiff's rights under the past' agreements and discharged Defendant's obligations under any guaranty." (Order at 24 (citations omitted).) As stated in the Order, Plaintiff seeks to hold Defendant liable for the outstanding amount due under the Promissory Note through the Guaranty Agreements. Thus, the Court looked to the Promissory Note, as urged by Plaintiff, and observed that Defendant is not listed as a guarantor in his individual capacity. (Order at 23.) The Court then reviewed the record evidence and could not decide as a matter of law whether the parties executed a new agreement (the Promissory Note and Judgment) that discharged their obligations under prior agreements or whether the parties modified the existing agreements without any intent to discharge the obligations under prior agreements,

8

including the Guaranty Agreements. Nothing in Plaintiff's motion for reconsideration changes this determination. Davimos, 826 N.Y.S.2d at 62-63 (stating that "the various guaranties, promissory notes and loan agreements in the record undermine, rather than support, plaintiff's claim that, read together, they create a binding obligation on defendant. Rather than elucidate plaintiff's claim, the documents obscure it, creating factual issues"). On this basis, Plaintiff's reconsideration motion must be denied.[2]

Second, Plaintiff contends that the Court erred in considering the December 12 Email because (1) the Promissory Note is "unambiguous" and extrinsic evidence is therefore inadmissible (Pl. Br. at 6-8); and (2) the Promissory Note's release language "nullified" any "alleged prior agreement(s) purportedly giving rise to obligation(s) that [Plaintiff] may have owed to the Nissan

---

[2] Plaintiff argues that "[t]he fact the Wolf did not execute the Promissory Note in his individual capacity does nothing under New York law to negate or otherwise impact the enforceability of the Nissan Guaranty Agreement absent evidence of a written revocation of that guaranty by Wolf prior to execution of the Promissory Note, which the record reflects never occurred." (Pl. Reply at 4.) However, the December 12 Email, the evidence Plaintiff asks this Court to ignore (Pl. Br. at 6-8), indicates that Plaintiff required "written acknowledgment by Guarantors that, by releasing its security interest, [Plaintiff] is not waiving or discharging any rights that it may have to enforce the Guaranty Agreements with respect to any post-closing deficiencies or breaches." (Dec. 12, 2014 Email, ECF No. 79-9, at 1, ¶ 5.) Neither party submitted any additional details to confirm that Defendant provided written acknowledgment of his obligations under the various Guaranty Agreements.

9

Dealership" (Pl. Br. at 6). Plaintiff did not advance these arguments in its summary judgment motion and the Court declines to consider them here. See Yang v. Mic Network, Inc., No. 18-CV-7628, 2020 WL 6562403, at *2 (S.D.N.Y. Nov. 9, 2020).

Even if these arguments were properly before the Court, they still fail. There is no real dispute that "the Promissory Note unambiguously and unconditionally provides that that Nissan Dealership," the Chrysler Dealership, and Korchmar (and not Defendant) are "jointly and severally liable for all unpaid principal and interest upon any default." (Pl. Br. at 8.) Yet, Plaintiff argues the Nissan Dealership's guaranty of the Promissory Note triggers Defendant's obligations to the Nissan Dealership under the relevant Guaranty Agreements. The plain and unambiguous terms of the Promissory Note do not reference Defendant as a person liable for the Dealerships' default thereunder nor do the terms reference the Guaranty Agreements. The Court thus reviewed the evidence, including the December 12 Email, to determine whether Defendant's obligations to the Nissan Dealership under the Guaranty Agreements extended to the Dealerships' liabilities under the Promissory Note. Through this review, the Court determined material issues of fact exist as to whether the parties intended for Defendant to remain liable for the Nissan Dealerships' liabilities under the Promissory Note, as stated in

10

the Order, supra, and in Note 2.³  Accordingly, the Court did not err in considering documents extrinsic to the Promissory Note.

CONCLUSION

For the stated reasons, Plaintiff's motion for reconsideration (ECF No. 84) is DENIED.  The Court renews its referral to Judge Lindsay to schedule a settlement and/or discovery conference for Plaintiff to discover any additional information from Defendant regarding its claims of forgery and the execution of the Promissory Note (see Order at 21 n.9).

The stay entered June 30, 2020 is LIFTED and within thirty (30) days of the date of this Order, the parties are to submit a joint letter (1) providing the Court with an update as to the status of settlement and/or discovery, if any; (2) clarifying all remaining claims, crossclaims, and counterclaims; and (3) identifying any outstanding substantive or scheduling issues.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  17 , 2020
       Central Islip, New York

---

³ The issue may be more appropriately framed as whether the Court erred in considering evidence extrinsic to the Nissan Guaranty. However, Plaintiff does not raise this argument and the Court will not consider it at this juncture.